o

```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        LAREDO DIVISION

UNITED STATES OF AMERICA,         §
                                  §
          Plaintiff,              §
VS.                               §
                                  §
ONE 2001 FORD F350,               §
VIN: 1FTWX33S41EC47403,           §
                                  §   Civil Action No. L-10-84
and,                              §
                                  §
ONE 2009 UTILITY GOOSENECK        §
TRAILER,                          §
VIN: 5SRUT25249L090408,           §
                                  §
          Defendants.             §
```

MEMORANDUM AND ORDER

Pending is a motion by Plaintiff United States of America, ("the Government") for default judgment against in rem Defendants one 2001 Ford F350, VIN: 1FTWX33S41EC47403, and one 2009 utility gooseneck trailer, VIN: 5SRUT25249L090408 ("the vehicles"). (Dkt. 4.) The procedures for in rem forfeiture actions arising from federal statutes are governed by Federal Rule of Civil Procedure G, of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Suppl. Rule G(1), Fed. R. Civ. P.

## I. APPLICABLE FORFEITURE PROCEDURES

Rule G requires that the Government file a verified Complaint. Rule G(2)(a). The Complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able prove at trial that the property has been forfeited. Rule G(2)(f).

The Government must publish notice of an in rem forfeiture action. Rule G(4)(a)(i). This may be done on the Government's forfeiture website, where the notice must appear for at least thirty days. Rule G(4)(a)(iv)(C). The published notice must:

(A) describe the property with reasonable particularity;
(B) state the times under Rule G(5) to file a claim and to answer; and
(C) name the government attorney to be served with the claim and answer.

Rule G(4)(a)(ii).

The Government also "must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Rule G(4)(b)(i). The papers must be sent by means "reasonably calculated to reach the potential claimant." Rule G(4)(b)(iii)(A). The papers may be sent to the potential claimant directly, or to "the attorney representing the potential claimant with respect to the seizure of the property

or in a related investigation, administrative forfeiture proceeding, or criminal case." Rule G(4)(b)(iii)(B). Notice papers sent "to a potential claimant who is incarcerated must be sent to the place of incarceration." Rule G(4)(b)(iii)(C).

The notice papers must state:

(A) the date when the notice is sent;

(B) a deadline for filing a claim, at least 35 days after the notice is sent;

(C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and

(D) the name of the government attorney to be served with the claim and answer.

Rule G(4)(b)(ii).

Recipients of direct notice must file a claim by the deadline stated in the notice papers sent to them, which may not be fewer than 35 days after the day the notice is sent. <u>See</u> Rule G(5)(a)(ii)(A); G(4)(b)(ii). Others must file their claims within sixty days after the first day of publication on the Government's website. Rule G(5)(a)(ii)(B). Within 21 days after filing a claim, a claimant must file an answer or a motion under Rule 12, Fed. R. Civ. P. Rule G(5)(b). The Court may for good cause set different deadlines. Rule G(5)(a)(ii).

II. DISCUSSION

A. The Complaint

The Government filed its verified Complaint against the vehicles on July 19, 2010. (Dkt. 1.) The Complaint includes the following allegations: On February 22, 2010, the vehicles, operated by Albert Addison Bush, arrived at the United States Border Patrol's checkpoint on highway 16 in Hebbronville, Texas. (Id. at 2.) A Border Patrol canine alerted to contraband in the trailer. (Id.) The vehicles were sent to secondary inspection, where the canine twice more alerted to contraband in the trailer. (Id.) The Border Patrol agents' subsequent search yielded 1879 kilograms of marijuana, found in a non-factory compartment beneath the trailer's load of mesquite wood. (Id.)

Bush was charged with conspiracy to possess with intent to distribute an excess of 1000 kilograms of marijuana and with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. § 2. (5:10-cr-549, Dkt. 10.) A jury found Bush guilty on both counts on July 27, 2010. (5:10-cr-549, Dkt. 80.)

In its Complaint, the Government asserts that the vehicles were conveyances "used or . . . intended for use to transport, or in any manner to facilitate the transportation or concealment" of a controlled substance. (Dkt. 1 at 1-2.) Such

conveyances are forfeit to the Government under 21 U.S.C. § 881(a)(4):

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> (. . .)
>
> (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances and related equipment].

B. The Published Notice

The United States published notice of this action on its official internet forfeiture site between July 20, 2010, and August 18, 2010. (Dkt. 3 at 3.); see Suppl. Rule G(4(a)(iv)(C). The published notice identifies the vehicles as those seized from Bush on February 22, 2010, and provides their vehicle identification numbers. (Id. at 2.) The published notice states that a verified claim must be filed within sixty days of July 20, 2010, the first day of publication. (Id. at 2); see Fed. R. Civ. P. Rule G(4)(a)(ii)(B). The notice explains that an answer must be filed within 21 days of the claim, and provides the name and address of the Government attorney on whom copies of the claim and answer must be served. (Id.)

The deadline for persons not entitled to direct notice to file a claim was September 18, 2010 (sixty days after July 20, 2010). No one has filed a claim.

### C.  Direct Notice for Albert Addison Bush

In its motion for default judgment, the Government states that it served a notice page and a copy of the Complaint "on [Bush's] Attorney George Lewis Higgins III, on July 20, 2010 . . . ." (Dkt. 4 at 2.)  Notice served on a potential claimant's attorney is effective only if the "attorney represent[s] the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."  Rule G(4)(b)(iii)(B).  The Court cannot discern whether that requirement is satisfied with respect to Bush and Attorney Higgins.  Higgins did not represent Bush in the related criminal case (see Docket for 5:10-cr-549), and nothing in the record indicates whether he has represented Bush in any other proceeding.  Accordingly, on the present record, the Government cannot rely on the notice sent to Higgins to support its motion for default judgment.

The Government also provided a notice page and a copy of the Government's Complaint to the United States Marshals for service on Bush.  (Dkt. 2; Dkt. 6 at 3-6.)  The papers were provided to the Marshals on July 19, 2010.  (Dkt. 2; Dkt. 6 at 3.)  They were served on Bush on July 23, 2010.  (Dkt. 2; Dkt. 6 at 3.)

The notice page states that an answer must be filed within twenty-one days of the filing of the claim, and it provides the

contact information for the Government attorney on whom copies of the claim and answer must be served. (Dkt. 6 at 5.) The deadline for Bush to file a claim is indicated at the bottom of the notice page as follows:

    Notice sent: <u>    July 19, 2010</u>
    Claim due: <u>   August 23, 2010</u>

(<u>Id.</u> at 6.) In its text, the notice page states that "[a]nyone claiming an interest in this property and wishing to contest this forfeiture action must file a Claim . . . within sixty (60) days of the first day of internet publication at www.forfeiture.gov of this action or within thirty (35) [sic] days of having been sent actual notice of this action or within such time as may be allowed by the Court." (<u>Id.</u> at 5.) This statement is incorrect insofar as the deadline of sixty days after internet publication does not apply to recipients of direct notice. Also, the notice page does not make clear whether the deadline for Bush to file a claim was August 23, 2010, that being thirty-five days after the notice was sent and the date indicated at the bottom of the page, or September 18, 2010, that being sixty days after the first day of internet notice. However, the notice was effective in spite of these defects. Rule G allows that the papers sent to persons entitled to direct notice may state any deadline for the recipient to file a claim, as long as the deadline falls as least thirty-five

days after the notice was sent. <u>See</u> Rule G(5)(a)(ii)(A); G(4)(b)(ii). Both of the deadlines indicated by the notice page served on Bush are consistent with that requirement. Both dates have passed. Bush did not file a claim.

### III. CONCLUSION

The Government's motion for default judgment (Dkt. 4) is GRANTED. The Court will issue a final judgment of forfeiture.

DONE at Laredo, TX, this 18th day of January, 2011.

_____
George P. Kazen
Senior United States District Judge